Wood, J.
The question raised by the pleadings is, whether the replication avoids the effect of the release set up in bar of the action, in the special plea, and therefore shows a right of recovery.
It is by no means our intention to shake tho well-established principle, that a court of law will protect the interest of the bona fide assignee of a chose in action, after notice to the debtor of the assignment. The rule is convenient, and necessary in the administration of justice, to secure parties against fraud and circumvention.
What, then, is the case made by the replication? It is this - Hall was indebted to Weakly in a claim of many years’ standing. For some reason he does not choose to prosecute it himself, and he *152 assigns it over to Bell, not a lawyer, who agrees to collect it in Weakly’s name, to employ counsel, advance money, procure bail, etc., reimburse himself tor his allowances from the proceeds when collected, and receive a portion of the avails for his compensation. The averment is that advances had been made, and liabilities incurred to a largo amount, that Bell had a lien on the claim assigned to him, of all which premises, Hall had notice ; and that alter such notice, in fraud of Bell’s rights, Hall procured the release from Weakly.
While the replication thus attempts to avoid the release sot up in the special plea, it show clearly there was no absolute transfer of tho entire interest in the chose to Bell. The extent of his interest was to depend on circumstances, limited by his allowances and liabilities, and his share of the claim.
*Weakly and Bell, therefore, were tenants in common in this chose in action against Hall, as between themselves. Each had a distinct interest, and there was, therefore, something which Hall’s release could operate upon and discharge, notwithstanding this assignment to BolL and notice to Hall. It would seem to follow that Bell could no longer pursue Hall at law, in Weakly’s name, for Weakly’s rights are all absolutely discharged by the releaso. He can not sue at law in his own name, because tho chose in action is not negotiable, and his remedy, if any, must be in equity.
It is insisted, moreover, by counsel, that the assignment by Weakly to Bell shows a case of champerty, and is therefore void. ■Champerty and maintenance are offenses at common law, punishable by fine and imprisonment. The English and American courts have considered agreements founded on such considerations as champerty or maintenance, as against sound policy, and void. Key v. Vattier, 1 Ohio, 132.
Champerty is an agreement to prosecute at one’s own risk and expense, and to take a part of the thing received in compensation. Tho common law discourages officious intermeddling in the litigation of others, as it clearly ought. In some of the states they have statutes passed to prevent it, in others not; but where no statutory regulation exists, the common law is universally holdon to prevail, as imported by our ancestors, and applicable to our local circumstances; and Bell, by the agreement set out in the replication, would seem to be within its provisions.
*153 It is unnecessary, perhaps, to say anything in reference to the lien which is set up in the replication, and which, it is insisted, ■could not be discharged by the release of Weakly to Hall. But wo take occasion to say that the law of Ohio will tolerate no lien in or out of the profession, as a general rule, which will prevent litigants from compromising or settling their controversies, or which, in its tendencies, encourages, promotes, or extends litigation. We think the replication is bad, and^he demurrer is sustained. Judgment for defendant.